J-S04019-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZYIER CHINA-CROFF | : | |
| | : | |
| Appellant | : | No. 2128 EDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered July 8, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0003738-2024

BEFORE: LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY STABILE, J.: **FILED APRIL 20, 2026**

Appellant, Zyier China-Croff, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on July 8, 2025. On appeal, Appellant challenges the validity of his *nolo contendere* plea. Upon review, we affirm.

The trial court summarized the relevant background as follows.

On May 4, 2024, [Appellant] was arrested and charged with attempted murder, two counts of aggravated assault, criminal conspiracy, possession of an instrument of crime (PIC), seven counts of reckless endangerment, simple assault, and multiple violations of the Uniform Firearms Act.

On July 8, 202[5], Appellant tendered a <u>negotiated</u> *nolo contendere* plea to one count each of aggravated assault, conspiracy, PIC, possession of firearms prohibited. Prior to accepting [A]ppellant's *nolo* plea, the [trial] court conducted an on-the-record colloquy, and the Commonwealth presented a factual basis for the plea. The Commonwealth also agreed to *nolle prosse* the remaining charges. In accordance with the negotiated

plea terms, [on July 8, 2025,] the [trial] court sentenced Appellant to concurrent state prison terms of three (3) to twelve (12) years on the aggravated assault and conspiracy bills and imposed no further penalty on the remaining bills. [Appellant was informed that he had ten days from July 8, 2025, to request to withdraw his guilty plea or reconsider his sentence. N.T. 7/8/25 at 23.]

[On July 29, 2025,] Appellant thereafter filed a *pro se* motion for reconsideration of sentence. However, [on August 6, 2025,] before the [trial] court could rule on Appellant's motion, trial counsel timely filed a notice of appeal[.] [The trial] court contemporaneously permitted trial counsel leave to withdraw and appointed appellate counsel in his stead. [On August 7, 2025, Appellant filed a motion to withdraw his *nolo contendere*.]

Trial Court Opinion, 9/17/25, at 1-2 (footnotes omitted, unnecessary capitalization omitted).

This appeal followed. On appeal, Appellant argues that "[b]ased on the totality of the circumstances," Appellant did not enter his *nolo contendere* plea knowingly, voluntarily, and intelligently.[1] Appellant's Brief at 7.

We must first determine whether the instant appeal is properly before us. As explained below, it is not.

It is well-established that

[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court

---

[1] A plea of *nolo contendere* is treated the same as a guilty plea. **See**, **e.g.**, **Commonwealth v. Jabbie**, 200 A.3d 500, 505 (Pa. Super. 2018).

which accepted the plea to consider and correct, in the first instance, any error which may have been committed." ***Commonwealth v. Roberts***, [352 A.2d 140, 141 (Pa. Super. 1975)] (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013). ***See also Commonwealth v. Moore***, 307 A.3d 95, 99 (Pa. Super. 2023) (same).

Here, the record shows that Appellant did not object to his guilty plea during the colloquy and did not file a motion to withdraw his guilty plea within ten days of sentencing.[2, 3] Accordingly, any challenge to his guilty plea is waived. ***See Lincoln***, ***supra***; ***Moore***, ***supra***.

Even if not waived, the claim would be nonetheless meritless. "The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that appellant's decision to plead guilty be knowingly, voluntarily and intelligently made." ***Commonwealth v.***

_____

[2] The docket reflects that the motion to withdraw Appellant's *nolo* plea was dated July 30, 2025, but filed on August 7, 2025, nearly one month after he entered the plea. The motion is untimely either way, as it was well more than ten days after the July 8, 2025 entry of the *nolo* plea.

[3] Appellant avers that the claim is preserved for our review because it was raised in the Rule 1925(b). Appellant's Brief at 19. The averment is misleading because, as explained above, merely raising the claim in the Rule 1925(b) statement is not sufficient to preserve the claim for our review. ***Lincoln***, ***supra***; ***Moore***, ***supra***.

***Moser***, 921 A.2d 526, 528-29 (Pa. Super. 2007) (citation, quotation marks, and brackets omitted).

> Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and he may not assert grounds for withdrawing the plea that contradict statements he made when he pled.

***Commonwealth v. Gabra***, 336 A.3d 1052, 1057 (Pa. Super. 2025).

Furthermore,

> [a] valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.

***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa. Super. 2005) *(en banc)* (citing Pa.R.Crim.P. 590, cmt.).

As noted by the trial court, the claim

> is belied by the record.  Both the written guilty plea colloquy and [the trial] court's on-the-record discussion with Appellant clearly demonstrate that he understood all of his trial and appellate rights as well as the negotiated terms of both his charges and sentence. Appellant also stated that he had fully discussed his case with trial counsel, and he was satisfied with counsel's representation. Finally, [A]ppellant acknowledged that no one forced, threatened or coerced him to plead guilty.  With regard to the factual basis of Appellant's guilty plea, the Commonwealth summarized the facts on the record and Appellant agreed with this factual summary. The factual summary also established the elements of the charge[d] crimes.

> Based upon the foregoing, [A]ppellant's *nolo contendere* plea was knowingly, intelligently, and voluntarily made. Appellant received exactly what he bargained for by pleading no contest – the Commonwealth dropped some of the most serious charges, and he received the agreed upon sentence.

Trial Court Opinion, 9/17/25, at 4-5. On the merits, we agree with the trial court's analysis and conclusions.

In conclusion, the claim brought by Appellant is waived. To the extent it can be deemed preserved, the claim is meritless.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/20/2026